# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DELAINE ANDREWS,** | : | Civil No. 1:19-CV-220 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **KEYSTONE HUMAN SERVS., et al.,** | : | (Magistrate Judge Carlson) |
| Defendant. | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, who was initially proceeding *pro se*, commenced this action by a complaint. (Doc. 1.) The defendants then filed a motion to dismiss the *pro se* complaint. (Doc. 12.) In response, the plaintiff moved to file an amended complaint. (Doc. 13.) We granted this motion and dismissed the defendant's motion to dismiss as moot in light of the filing of the amended complaint. (Doc. 15.) The defendants then filed a second motion to dismiss which, *inter alia*, raised issues of exhaustion of administrative remedies as a defense. (Doc. 17.) This second motion to dismiss has apparently inspired another effort by the plaintiff to further amend the amended complaint to address these exhaustion questions. (Doc. 18.) We permitted Andrews to file this amended complaint, and the defendants moved to dismiss this, the plaintiff's second amended complaint. (Doc.20.) Andrews did not respond to this

1

motion to dismiss. Instead, she filed yet another motion to amend her complaint. (Doc. 22.) Attached to this motion was a proposed third amended complaint. (Doc. 22-2.)

We will permit this one, final amendment of the complaint. Accordingly, IT IS ORDERED as follows:

1. The plaintiff's motion to amend (Doc. 22) is GRANTED and the proposed amended complaint, (Doc. 22-2), will be lodged by the clerk as the third amended complaint in this matter. **Plaintiff is advised that, given these three amendments of this complaint, no further leave to amend will be granted, absent compelling circumstances.**

2. We believe that this development has substantive significance for the parties with respect to the pending motion to dismiss the amended complaint filed by the defendants since, as a matter of law, an amended complaint takes the place of any prior complaint, effectively invalidating the prior complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case….").

Therefore, since the amended complaint is now a legal nullity the defendant's motion to dismiss the second amended complaint, (Doc. 20), is DISMISSED as moot.

3. However, this leave to file a second amended complaint is granted without prejudice to the assertion of any defenses or dispositive motions that the defendants may believe are appropriate with respect to the second amended complaint.

SO ORDERED, this 18th day of June 2019.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge