# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DELAINE ANDREWS,** | : | Civil No. 1:19-CV-220 |
| | : | |
| Plaintiff, | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| **KEYSTONE HUMAN SERVS., et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, who was initially proceeding *pro se*, commenced this action by a complaint. (Doc. 1.) The defendants then filed a motion to dismiss the *pro se* complaint. (Doc. 12.) In response, the plaintiff moved to file an amended complaint. (Doc. 13.) We granted this motion and dismissed the defendant's motion to dismiss as moot in light of the filing of the amended complaint. (Doc. 15.) The defendants then filed a second motion to dismiss. (Doc. 17.) This second motion to dismiss inspired another effort by the plaintiff to further amend the amended complaint to address these exhaustion questions. (Doc. 18.) We permitted Andrews to file this amended complaint, and the defendants moved to dismiss this, the plaintiff's second amended complaint. (Doc.20.) Andrews did not respond to this motion to dismiss. Instead, she filed yet another motion to amend her complaint. (Doc. 22.) We permitted

1

this one, final amendment of the complaint and granted this motion but advised the plaintiff in clear and precise terms that: "**given these three amendments of this complaint, no further leave to amend will be granted, absent compelling circumstances.**"

The defendants then moved to dismiss this third amended complaint. (Doc. 25.) Andrews, in turn, filed a fourth motion to amend this complaint. (Doc. 28.) The motion was unaccompanied by any brief which would have provided an explanation regarding how this motion complied with our instruction that not further amendment would be permitted absent compelling circumstances, and the defendants have filed an opposition to this motion to amend for yet another time.

The motion to amend will be denied without prejudice to the plaintiff responding to the motion to dismiss by arguing that leave to amend should be granted if the motion to dismiss is granted.

At the outset, we note that the plaintiff has failed to file a brief in support of this motion. This failure to file a brief has consequences for the plaintiff since we are entitled to deem the plaintiff to have withdrawn a motion when he fails to properly support that motion by filing a brief in a timely fashion. See, e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); Booze v. Wetzel, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) report

and recommendation adopted, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); Breslin v. Dickinson Twp., 1:09-CV-1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) Prinkey v. Tennis, No. 09-52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5); Griffin v. Lackawanna County Prison Board, No. 07-1683, 2008 WL 4533685 (M.D.Pa.Oct.6, 2008) (dismissal under Local Rule 7.6).

Amendment of pleadings is governed by Tule 15 of the Federal Rules of Civil procedure. Fed. R. Civ. P. 15(a). The rules provide that courts should freely grant leave to amend "when justice so requires," id., and courts take a liberal approach to granting leave to amend pleadings, observing that leave should be granted freely in order to ensure that a particular claim is decided on "the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990). Nevertheless, a district court retains discretion in deciding whether to grant or deny a party's request to amend its pleading, Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000, and may deny a motion for leave to amend if the plaintiff's delay in seeking amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962).

At this point we are confronted with a fourth attempt to amend the complaint submitted by a plaintiff who has neglected to address the failure to timely amend this

pleading on any of the prior occasions when leave to amend was granted. This fourth motion to amend, if granted, would delay yet again the consideration of a motion to dismiss, and in our view result in undue delay in addressing the motion to dismiss. Therefore, we will DENY this motion to amend. However, we deny this motion without prejudice to the plaintiff responding to the motion to dismiss by arguing that leave to amend should be granted if the motion to dismiss is granted.

An appropriate order follows.

AND NOW this 6th day of August 2019, IT IS ORDERED that the plaintiff's motion to amend, (Doc. 28) which is unaccompanied by any brief as required by the rules of this court, is DENIED without prejudice to the plaintiff responding to the motion to dismiss by arguing that leave to amend should be granted if the motion to dismiss is granted.

SO ORDERED, this 6th day of August 2019.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge