UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DELAINE ANDREWS,** | : | Civil No. 1:19-CV-220 |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| **KEYSTONE HUMAN SERVS., et al.,** | : | **(Magistrate Judge Carlson)** |
| **Defendant.** | : | |

## MEMORANDUM AND ORDER

In this *pro se* employment discrimination case the plaintiff's practice of engaging in serial amendments of the complaint has become something of a habit, a habit which must now draw to a close. The background of this order is as follows:

The plaintiff commenced this action by a complaint. (Doc. 1.) The defendants then filed a motion to dismiss the *pro se* complaint. (Doc. 12.) In response, the plaintiff moved to file an amended complaint. (Doc. 13.) We granted this motion and dismissed the defendant's motion to dismiss as moot in light of the filing of the amended complaint. (Doc. 15.) The defendants then filed a second motion to dismiss. (Doc. 17.) This second motion to dismiss inspired another effort by the plaintiff to further amend the amended complaint. (Doc. 18.) We permitted Andrews to file this amended complaint, and the defendants moved to dismiss this, the plaintiff's second amended complaint. (Doc.20.) Andrews did not respond to this motion to dismiss. Instead, she

filed yet another motion to amend her complaint. (Doc. 22.) We permitted this third amendment of the complaint and granted this motion but advised the plaintiff in clear and precise terms that: "given these three amendments of this complaint, no further leave to amend will be granted, absent compelling circumstances."

The defendants then moved to dismiss this third amended complaint. (Doc. 25.) Andrews, in turn, filed a fourth motion to amend this complaint. (Doc. 28.) The motion was unaccompanied by any brief which would have provided an explanation regarding how this motion complied with our instruction that no further amendment would be permitted absent compelling circumstances, and the defendants filed an opposition to this motion to amend. We then denied this motion to amend without prejudice to the plaintiff responding to the motion to dismiss by arguing that leave to amend should be granted if the motion to dismiss is granted. (Doc. 32).

Upon consideration of the defendant's motion to dismiss Andrews' third amended complaint, we recommended that a number of claims be dismissed but also recommended that "any state law claims under the PHRA be dismissed without prejudice to the filing of an amended complaint which properly states a fully exhausted claim under this state statute." (Doc. 35 at 17).

The district court adopted this recommendation, (Doc. 36), and Andrews eventually sought to amend his complaint yet again, for the fourth time. (Doc. 44).

The defendant opposed this motion to amend citing alleged deficiencies in Andrews' fourth amended complaint. (Doc. 46). This inspired Andrews to file two motions; a motion to withdraw her motion to amend (Doc. 47), and an amended motion to amend this complaint. (Doc. 49).

Mindful of the fact that the order granting the motion to dismiss did allow for an amendment of Andrews' complaint, but also acutely aware that this practice of filing serial amendments must come to an end, IT IS ORDERED as follows:

First, Andrews' motion to withdraw (Doc. 47), this motion to amend, (Doc. 44) is GRANTED and this motion to amend is DEEMED withdrawn.

Second, we will DEFER ruling upon Andrews' amended motion to amend (Doc. 49) pending receipt of a response to that motion from the defendant. Andrews should ensure that this final proposed amended complaint is complete in every respect as no further amendments will be permitted.

SO ORDERED, this 21st day of July 2020.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge